IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|    Plaintiff-Respondent, § | |
| § | |
| v. § | Cr. No. H-01-764 |
| § | |
| OYENOKACHIKEM CHARLES OSAMOR, § | |
|    Defendant-Movant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion filed by *pro se* Defendant Oyenokachikem Charles Osamor's ("Osamor"), in which he requests transcripts and other documents in the case at government expense. (D.E. 188.) For the reasons set forth herein, the motion is GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND AND PROCEEDINGS

Defendant was convicted after a jury trial of bank fraud, mail fraud, possession of stolen mail, and conspiracy to launder funds. The jury returned its verdict on December 17, 2002, and Osamor was sentenced on June 6, 2003 by United States District Judge Lee H. Rosenthal. Final judgment was entered on June 18, 2003. Osamor appealed and the Fifth Circuit affirmed his conviction and sentence on September 17, 2004. United States v. Osamor, 107 Fed. Appx. 438 (5th Cir. 2004); (D.E. 126, 127). The United States Supreme Court vacated the judgment and remanded the case for further consideration in light of United States v. Booker, 543 U.S 200 (2005). Osamor v. United States, 543 U.S.

1113 (2005). On remand, the Fifth Circuit found that Defendant had preserved his Booker claim and that the government had not met its burden of showing that the error was harmless. Accordingly, that court vacated Osamor's sentence and remanded for resentencing. (D.E. 144).

Upon remand, Judge Rosenthal recused herself, transferring Osamor's case to the undersigned for reassignment. This Court retained the case on its own docket. Prior to resentencing, Osamor filed a number of challenges to his earlier conviction, as well as motions challenging the Court's jurisdiction, all of which were denied. Proceeding *pro se* at his own request, Osamor was subsequently resentenced by this Court on January 12, 2007. Osamor filed a timely notice of appeal and has been granted leave to proceed on appeal *in forma pauperis*. (D.E. 181, 186-87.) In his motion requesting transcripts, he requests transcripts that the Court categorizes into three groups:

> (1) transcripts from proceedings that occurred prior to his first appeal, i.e., his detention hearing and initial rearraignment in October 2001 and a transcript of a conference hearing held before Judge Rosenthal on June 28, 2002;
>
> (2) transcripts of proceedings since the case was remanded, i.e., a December 11, 2006 motion hearing before this Court and his January 12, 2007 resentencing; and
>
> (3) transcripts of grand jury testimony and a "grand jury affidavit" of one witness, which Osamor intends to utilize to challenge either his conviction or the jurisdiction of this Court.

(D.E. 188 at 1-2.)

## II. ANALYSIS

An indigent defendant has a statutory right to free transcripts in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must, however, establish that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f). Osamor's direct appeal from his resentencing is pending, and the transcripts of proceedings since the remand are clearly pertinent to his appeal. Accordingly, Osamor's request for transcripts at government expense is GRANTED insofar as he requests copies of the December 11, 2006 motion hearing before this Court and his January 12, 2007 resentencing.

As to his remaining requests, the Court finds that the transcripts and documents requested are not necessary to decide any issue in his appeal. As noted previously by the Court, Osamor's challenges to the Court's jurisdiction are frivolous. (See D.E. 165). Thus, he has not shown a need for grand jury transcripts or grand jury documents.

Additionally, challenges to his conviction as well as claims arising out of proceedings prior to remand were not properly before this Court and thus not issues that can be addressed in his second appeal. In United States v. Marmolejo, 139 F.3d 528 (5th Cir. 1998), the court held that a district court could not consider issues on remand that were unrelated to the reason for remand :

> In short, the resentencing court can consider whatever this court directs - no more, no less. All other issues not arising out of the [remand order] and not raised before the appeals court,

> which could have been brought in the original appeal, are not proper for reconsideration by the district court.

Marmolejo, 139 F.3d at 531; see also United States v. Matthews, 312 F.3d 652, 658 (5th Cir. 2002) (explaining that the Marmolejo court adopted the view that "only those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court"). The Fifth Circuit also explained the rationale behind its ruling: "It serves both justice as well as judicial economy to require a defendant to raise all relevant and appealable issues at the original sentencing rather than allowing a defendant to revisit issues with the benefit of this court's opinion." Id.

In this case, Osamor's conviction was affirmed on appeal and was not disturbed by the Supreme Court's ruling based on Booker. The Fifth Circuit vacated only Osamor's sentence, and remanded for resentencing. Accordingly, challenges to his conviction do not arise out of the remand order and this Court may not consider them. See Marmolejo, 139 F.3d at 531. Likewise, those claims are not appealable.

For these reasons, Osamor's request for the first and third categories of documents, i.e., transcripts of proceedings prior to his first appeal and requests for grand jury transcripts or information, is DENIED.

### III. CONCLUSION

For the foregoing reasons, Osamor's motion for transcripts at government expense is GRANTED IN PART AND DENIED IN PART. His request for transcripts of the

December 11, 2006 Motions Hearing and his January 12, 2007 Resentencing is GRANTED. Accordingly, the Clerk is directed to provide a copy of the transcripts of those proceedings to Osamor at government expense. Osamor's remaining requests for transcripts and documents are DENIED.

ORDERED this 7th day of March, 2007.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE