**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff/Respondent, § | | |
| § | | |
| V. § | | CR. No. H-01-764 |
| § | | C.A. No. H-09-741 |
| OYENOKACHIKEM CHARLES OSAMOR, § | | |
| Defendant/Movant. § | | |

**MEMORANDUM OPINION AND ORDER STRIKING
INTERROGATORIES, ORDER OF SEVERANCE,
ORDER OF REALIGNMENT OF PARTIES,
AND ORDER FOR COMPLIANCE WITH PLRA**

Pending before the Court are two recent filings by Defendant Oyenokachikem Charles Osamor's ("Osamor"). (D.E. 211, 212.) The first purports to be Interrogatories directed to various individuals and entities (<u>i.e.</u>, Agent Matthew Boyden, Christine Johnson, CMRA Management, AUSA Hileman, and Stowaway Storage). (D.E. 211.) For the reasons set forth in the Court's April 13, 2009 Order, Osamor's request for discovery in these § 2255 proceedings has been DENIED. Similarly, he has failed to show good cause for the Court to allow him to propound the interrogatories filed with the Court. Accordingly, his Interrogatories (D.E. 211) are hereby stricken.

The second filing by Osamor is titled as a "Rule 41(g) Motion for Return of Property." (D.E. 212.) In it, he asserts that certain properties were maintained or destroyed and that he is entitled to damages as a result. (D.E. 212.) As Osamor notes in his motion, he previously filed a motion for return of property not used or admitted into evidence, and the United States

1

responded. (D.E. 134, 135.) In its response, the United States acknowledged that various items taken from Osamor's home during the execution of a search warrant remained in the possession of the United States Postal Inspection Service. It offered a method by which Osamor could obtain return of those items. (D.E. 135 at 1.) United States District Judge Lee Rosenthal, to whom the case was assigned at the time, entered an Order noting that the government had responded and that the motion was moot. (D.E. 136.)

According to Osamor and documents submitted with his instant motion, he was subsequently able to obtain, through a designee, a number of items that had been seized. Osamor contends that only some, but not all of the items he sought have been returned. Additionally, he attaches to his motion a letter provided by Agent Boyden indicating that certain unidentified items were being retained or had been disposed off. (D.E. 212 at 2 & Exh. A.)

In his instant motion, Osamor asks for information concerning what items are being retained by the United States. He also complains that currency in the amount of $5,000 to $10,000 was taken from his home when the search warrant was executed and that those funds have not been returned.[1] He contends that the United States has not claimed that the missing items are contraband or subject to forfeiture, and claims he was never given notice of forfeiture. If there are items of property that cannot be returned, then Osamor seeks money damages instead. (D.E. 212 at 4-5.)

---

[1] Osamor is unsure of the precise amount, but states that he "usually" had funds in this range at his home for "incidental expenses." (D.E. 212 at 2.)

Rule 41(g), Fed. R. Crim. P., permits a person aggrieved by an unlawful search and seizure, or aggrieved by the deprivation of property, to file a motion for return of property. A Rule 41(g) motion filed in a criminal case that has already concluded is properly construed as a civil action for return of property. Bailey v. United States, 508 F.3d 736, 738 (5th Cir. 2007); Taylor v. United States, 483 F.3d 385, 387 (5th Cir. 2007); United States v. Clymore, 217 F.3d 370, 373 & n.6 (5th Cir. 2000) (citing Pena v. United States, 122 F.3d 3, 4 n.3 (5th Cir. 1997)).[2] Such a proceeding is a suit against the United States for property or money, and is civil in nature, invoking the Court's general equity jurisdiction under 28 U.S.C. § 1331. See Bailey, 508 F.3d at 738; Clymore, 217 F.3d at 373 & n.6.

If Osamor wishes to proceed with a claim that property of his was illegally seized and forfeited, then his motion is properly construed as a civil action. So construed, Osamor must comply with the Prison Litigation Reform Act (PLRA), and either pay the $350 filing fee or submit an application for leave to proceed *in forma pauperis*. Pena, 122 F.3d at 4. Additionally, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. See id.

In light of the foregoing, the following is ordered:

(1) The Clerk shall sever Osamor's motion for return of propery (Cr. H-01-cr-764, D.E. 212), and transfer the motions and this order to a civil case file, assigning a civil cause

---

[2] Clymore and Pena both refer to Rule 41(e), Fed. R. Crim. P., but the rule was amended in December 2002, and subsection (e) was relettered as subsection (g) at that time. See Fed. R. Crim. P. 41, Advisory Committee Notes to 2002 Amendments.

number to the proceedings. The parties shall be realigned, because defendant Osamor is the true plaintiff in this suit against defendant United States of America. All future pleadings related to Osamor's motion for return of property shall be filed in the civil case file only.

(2) Within thirty days of the entry of this order, Osamor shall either: (a) pay the $350 filing fee; or (b) submit a completed application to proceed *in forma pauperis*, along with a certified copy of his inmate trust account records, which should reflect the account balance as of March 29, 2009, the date he signed his motion, as well as the deposits and average balance for the six months preceding that date. 28 U.S.C. § 1915. The Clerk shall mail to Osamor the appropriate forms. Failure to timely comply may result in dismissal of his cause for want of prosecution. Fed. R. Civ. P. 41.

(3) If Osamor does not want to pursue his claim for the return of property at this time, he should file a notice of voluntary dismissal with the Clerk.

ORDERED this 18th day of May, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE