# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. H-01-764 |
| | § | C.A. No. H-09-741 |
| OYENOKACHIKEM CHARLES OSAMOR, | § | |
| Defendant/Movant. | § | |

# MEMORANDUM OPINION AND ORDER
# DENYING MOTION TO VACATE,
# SET ASIDE OR CORRECT SENTENCE AND
# ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Movant Oyenokachikem Charles Osamor's ("Osamor")

motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, with supporting

memorandum. (D.E. 202, 203).[1] Osamor also filed a number of other motions, asking to

proceed *in forma pauperis*, to expand the record, for discovery and for an evidentiary

hearing.

The Court ordered the United States to respond to Osamor's § 2255 motion. The Court

denied Osamor's other motions, either as moot or denied them without prejudice. The United

States filed a combined response and motion to dismiss. Osamor filed a lengthy reply, which

included the renewal of most of the motions previously denied by the Court, a separate

---

[1]   Unless otherwise noted, docket entry references are to the criminal case, Cr. No.
H-01-764.

1

renewal of his motion for summary judgment, and his Citation of Supplemental Authorities and request for Immediate Release From Incarceration.

For the reasons set forth herein, Osamor is not entitled to relief under 28 U.S.C. § 2255. Accordingly, Osamor's § 2255 motion is DENIED. His remaining motions are also DENIED. Finally, the Court DENIES Osamor a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

### A.    Facts of the Offense[2]

The charges against Osamor stemmed from a joint investigation by FBI Special Agents, U.S. Secret Service Special Agents, Postal Inspectors, and other agents/officers with the Houston Area Fraud Task Force. Since March 1998, those law enforcement agencies had been investigating the production, distribution and negotiation of forged and counterfeit checks in the Houston area and other areas. The investigation identified individuals within the Houston area that were trafficking in stolen individual identification and credit information to facilitate other criminal schemes, primarily those involving stolen and forged checks, counterfeit checks and credit cards, loan fraud and money-laundering offenses.

Osamor was determined to be the leader or organizer of the criminal activity, which involved five or more participants. Compromised Bank One account information was initially

---

[2]  Unless otherwise noted, the facts of the offense as set forth herein are derived from Paragraphs 4 through 43 of Osamor's Presentence Investigation Report ("PSR").

obtained by a co-conspirator, Morris Brown Okolo. Okolo used the information to create and control numerous bank accounts with Osamor's assistance. The compromised Bank One account information was used to obtain new checks without the customers' permission or knowledge. Most of these checks were delivered from the check-printing companies through the mail to vacant apartments, post office boxes and residences in Houston, Texas. These addresses were primarily under the control of Okolo and Osamor. The checks would pass from Okolo through Osamor and another co-conspirator to various recruits, who would deposit the checks into their accounts. Once the checks cleared, the funds would be withdrawn and proceeds sent back up the line to Okolo and Osamor.

In addition, Osamor passed convenience checks from his fraudulently-funded brokerage accounts to the recruits for cashing. These brokerage accounts were opened by Osamor using stolen identity information. The intended loss due to this fraudulent activity was determined to be more than $2.8 million, while the actual loss totaled more than $1.4 million.

## B.    Criminal Proceedings

On October 10, 2001, Osamor was charged in a 42-count indictment with conspiracy to possess stolen mail, to transport stolen property in interstate commerce and to commit mail fraud, in violation of 18 U.S.C. § 371 (Count 1), conspiracy to launder funds, in violation of 18 U.S.C. § 1956(h) (Count 2), mail fraud and aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Counts 3-22), and possessing stolen mail and aiding and

abetting possession of stolen mail, in violation of 18 U.S.C. §§ 1708 and 2 (Counts 23-42). (PSR at ¶ 1).

Osamor moved to suppress the evidence found in the search of his home the day he was arrested. After his motion to suppress was denied, Osamor was tried before a jury. The jury returned a verdict of guilty as to Counts 1, 2, 7-18, 27-33 and 35-38.  (D.E. 75, 76). Osamor was initially sentenced by Judge Lee H. Rosenthal to 60 months each on counts 1, 27-33, and 35-38, to run concurrently, and to 175 months each on counts 2 and 7-18, to run concurrently.  (D.E. 92, 98). The remaining counts were dismissed at sentencing. (D.E. 92).

Osamor appealed and the Fifth Circuit affirmed his sentence and conviction in an unpublished decision issued August 19, 2004. (D.E. 126, 127). The Supreme Court, however, granted Osamor's writ for certiorari, vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). (D.E. 128).  On remand, the Fifth Circuit affirmed Osamor's conviction, but vacated his sentence and remanded the case to the trial court for re-sentencing. (D.E. 144).

After the case was remanded, Osamor filed a number of *pro se* pleadings.  Interpreting one of Osamor's filings as an accusation of prejudice against her personally, Judge Rosenthal recused herself. (D.E. 162). The case was then re-assigned to the undersigned. (D.E. 164). This Court sentenced Osamor on January 12, 2007, to concurrent terms of 156 months imprisonment as to Counts 2 and 7-18, and to concurrent terms of 60 months imprisonment as to Counts 1, 27-33 and 35-38. (D.E. 173, 179).

Once again, Osamor appealed, but the Fifth Circuit affirmed in an unpublished opinion. (D.E. 200, 201). His motion for a rehearing was also denied.

Osamor's § 2255 motion followed. His motion is timely.

### III.  MOVANT'S ALLEGATIONS

Osamor's very lengthy section 2255 motion and several supporting memorandum state numerous grounds for relief. Depending on how one counts, 33 points of error are alleged. As the United States has, this Court lists and addresses his claims in the order that Osamor sets them forth, using his numbering system. (See D.E. 203 at 1-2). His claims are as follows:

I.    Petitioner's indictment failed to charge an offense which deprived the District Court of jurisdiction to enter the judgment of conviction in violation of Fed. R. Crim. P. 12(b)(3)(B) and the Constitution.

II.   Petitioner's conviction was obtained by grand and petit jury [sic] which was unconstitutionally selected and impaneled.

III.  Petitioner's conviction was based on evidence obtained in violation of his constitutional rights and his attorneys' failures to seek suppression of evidence based on all available grounds was ineffective.

IV.   Petitioner's conviction was obtained in violation of his Fifth Amendment privilege against compelled self-incrimination; his Sixth Amendment right to assistance of counsel at a critical state; his Due Process rights through police misconduct at custodial interrogation; and evidence obtained due to these constitutional violations should have been suppressed.

V.    Petitioner's conviction violates the Fifth and Sixth Amendments of the Constitution and denied him of his Due Process Rights.

VI.   Petitioner's conviction violates the Sixth Amendment's Confrontation Clause and denied him his rights under the Due Process Clause.

VII.   Government agents Boyden and Mowery violated Petitioner's constitutional rights by giving false testimony during trial which was used to obtain his conviction.

VIII.   The prosecutor violated Petitioner's Constitutional rights and deprived him of his right to a fair trial.

IX.   The "in-court" identification of petitioner was impermissibly suggestive in violation of his rights.

X.   Petitioner is entitled to an acquittal and a dismissal of the indictment based on the Double Jeopardy Clause of the Fifth Amendment.

XI.   The Fifth Circuit appellate panel, in *U.S. v. Osamor*, 107 Fed. App'x. 438 (5th Cir. 2004) (per curiam) (designated unpublished), denied him his right of appeal by failing to adjudicate the merits of his supplemental brief on remand from the U.S. Supreme Court.

XII.   Petitioner's sentence deprived him of his Due Process and jury trial rights in violation of the Fifth and Sixth Amendments.

XIII.   (A) Petitioner was denied his Constitutional right at his custodial interrogation due to the absence of counsel;

(B) Petitioner's Sixth Amendment Right was violated due to the ineffectiveness of trial and appellate counsels.

Osamor's specific ineffective assistance of counsel claims are*:*

(1) Trial and appellate counsel failed to challenge the sufficiency of the indictment. (D.E. 203-3 at 159).

(2) Counsel failed to raise Batson claim, and made other errors during jury selection. (D.E. 203-3 at 160).

(3) There was a complete absence of counsel at a critical stage (D.E. 203-3 at 163).

(4) Both trial and appellate counsel failed to present Fourth Amendment claims. (D.E. 203-3 at 164).

(5) Counsel rendered ineffective assistance by failing to seek the suppression of [his] in-court identification testimony. (D.E. 203-3 at 165).

(6) Counsel rendered ineffective assistance by failing to seek expert eyewitness identification testimony [to establish the inherent unreliability of human perception and memory regarding the reliability of eyewitness identification]. (D.E. 203-4 at 167).

(7) Counsel failed to protect his right of confrontation by not objecting to the admission into evidence of a Judgment and Conviction Order in a related case (H-01-765). (D.E. 203-4 at 168).

(8) Trial counsel's failure to seek and present testimony of expert witnesses was ineffective assistance. (D.E. 203-4 at 170).

(9) Counsel was ineffective due to counsel's failure to investigate, act as requested, make adequate objections and subpoena witnesses. (D.E. 203-4 at 174).

(10) Appellate counsel failed to raise a confrontation clause argument. (D.E. 203-4 at 185).

(11) Appellate counsel (Matthew M. Robinson) failed to comply with Osamor's specific requests or raise meritorious claims on appeal. (D.E. 203-4 at 186).

XIV.  Petitioner is entitled to a bond pending adjudication of his habeas corpus petition. (D.E. 203-4 at 188).

## IV.  ANALYSIS

### A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.

7

28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.      Claims Raised and Rejected on Appeal Are Procedural Barred**

Osamor faces a number of procedural hurdles with regard to many of his claims. As an initial matter, many of the issues he raises in his § 2255 motion were raised and rejected on direct appeal. It has long been "settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) (affirming district court's refusal to entertain the defendant's § 2255 motion); see also United States v. Webster, 421 F.3d 308, 310 n.7 (5th Cir. 2005) (citing to Kalish and noting the rule).

The United States has provided copies of the opening briefs filed on Osamor's behalf with the Fifth Circuit. These briefs disclose that the following arguments raised in Osamor's § 2255 motion are barred from consideration here, because they were already raised and rejected on appeal. Specifically, the following claims are procedurally barred from consideration here: Claims I, III, and V-VIII.[3]  Accordingly, those claims are dismissed.

---

[3] Claim I was addressed in Osamor's opening brief in appeal No. 07-20079 at page 17. Claim III was addressed in Osamor's opening brief in appeal No. 03-20618 at pages 10-16 and was

**C.    Claims That Should Have Been Raised on Appeal and Were Not Are Procedurally Barred**

The second procedural hurdle Osamor faces is general procedural default in § 2255 proceedings. That is, where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is actually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

An ineffective assistance of counsel claim is properly asserted for the first time in a § 2255 proceedings because it raises an issue of constitutional magnitude and generally cannot be raised on direct appeal. United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). Thus, the Court will address the merits of all of Osamor's ineffective assistance claims. See infra. at Section  IV.(E).

As to claims that are not ineffective assistance claims and were not raised on direct appeal, the Court concludes that those claims are procedurally defaulted.  Thus, this Court can consider the claim only if Osamor can demonstrate actual innocence or cause and

explicitly rejected by the Fifth Circuit in its opinion.  (See D.E. 127 at 2 n.2).  Claims V, VI, VII, and VIII were addressed in Osamor's opening brief in appeal No. 07-20079 at pages 23, 52, 60 and 65 respectively. The Fifth Circuit rejected all of Osamor's arguments in this second appeal, some on their merits, others because they had been raised and rejected in his initial appeal, and still others because Osamor was deemed to have abandoned issues not raised in an appeal prior to the Fifth Circuit's order remanding for resentencing. (D.E. 201 at 2-3).

prejudice. The Court has carefully reviewed the extensive record in this case, as well as the lengthy briefing by Osamor and concludes that Osamor has not demonstrated either "cause and prejudice" or "actual innocence" in order to overcome the procedural bar. See Jones, 172 F.3d at 384. Accordingly, the following claims are also barred from consideration here: Claims II, IV, IX-XII, and the first part of XIII. Those claims are therefore dismissed.

**D.     Claim That He Is Entitled to Bond**

As discussed herein, the Court concludes that Osamor is not entitled to relief as to any of his non-barred § 2255 claims. In any event, bond is available for an incarcerated prisoner during the pendency of a § 2255 proceeding "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." United States v. Roberts, 250 F.3d 744, 2001 WL 274751, *1 (5th Cir. 2001) (designated unpublished) (quoting Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974)). Even at an early stage in this proceeding, Osamor had not shown a high probability of success. This is particularly true given the rejection on appeal of most of the arguments raised in his § 2255 proceedings. His motion for bond is therefore DENIED.

**E.     Ineffective Assistance of Counsel**

**1.     General Standards**

An ineffective assistance of counsel claim is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel,

a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

To establish prejudice as a result of an alleged error *at sentencing*, a § 2255 movant must show that there is a reasonable probability that, but for counsel's alleged error, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004).

If the movant fails to prove one of the two prongs, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2. Counsel's alleged failure to challenge the sufficiency of the indictment.

In his first allegation of ineffective assistance, Osamor contends that his counsel was ineffective for failing to challenge the sufficiency of the indictment against him. As an initial matter, both Osamor's sentencing counsel and his appellate counsel challenged the sufficiency of the indictment. Sentencing counsel raised the issue in his objections to the Presentence Investigation Report, claiming that the issue of whether Osamor was a leader or

11

organizer in the offense should have been charged in the indictment. (D.E. 91 at 17-18). Again in Osamor's initial appeal, appellate counsel challenged the sufficiency of the indictment, but the Fifth Circuit rejected that claim. (See generally D.E. 127).

Osamor further claims that Count Two, which charged him with conspiracy to launder funds, failed to charge the proceeds and knowledge requirements of 18 U.S.C. § 1956(a)(1) and that the jury instruction was similarly defective. Count Two charged Osamor in part as follows:

> OYENOKASHIKEN CHARLES OSAMOR, defendant herein, together with other persons known and unknown to grand jury, did unlawfully and knowingly combine, conspire, confederate, and agree among themselves and each other to conduct financial transactions which involved proceeds of a specified unlawful activity, that is: the wire transfer and deposit to, and withdrawal from financial institutions of funds obtained as a result of the possession and negotiation of company checks stolen from the United States Mail and mail fraud, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, that is acts chargeable as possession of stolen mail under Title 18, U.S.C. § 1708 and mail fraud under Title 18, U.S.C. § 1341 and knowing that the transactions were designed in whole or in part to promote the carrying on of such specified unlawful activity, all in violation of Title 18, U.S.C. § 1956(a)(1)(A)(i) and (B)(i).

D.E. 1.

The sufficiency of an indictment is measured by whether "(1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any uncertainty or ambiguity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." United States v.

Threadgill, 172 F.3d 357, 366 (5th Cir. 1999). The crime of conspiracy requires an agreement of two or more to commit the substantive offense, in this case, money laundering, and the defendant joined the agreement with the intent to further the illegal purpose. Id.

In Threadgill, the Fifth Circuit held that the sufficiency of a conspiracy indictment is not measured by the elements of the substantive money laundering offense, but instead only by whether the conspiracy itself is sufficiently charged. Id. at 366-67; see also United States v. Alaniz, 726 F.3d 586, 601 (5th Cir. 2013) ("a conspiracy charge need not include the elements of the substantive offense the defendant may have conspired to commit.") (citing Threadgill, 172 F.3d at 367). Osamor's complaint that Count Two failed to charge him with proceeds and knowledge is without merit because those are not elements of conspiracy to commit money laundering, but instead are elements of the substantive crime of money laundering.

Given the proper standard for the sufficiency of a conspiracy indictment on money laundering, Osamor' complaint of the jury charge on Count Two is also without merit.

Finally, Osamor cannot show prejudice from counsel's failure to object to Count Two's omission of knowledge and proceeds or the failure to include those elements in the jury charge as to Count Two because there is no merit to the argument. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

13

### 3. Counsel's alleged failure to raise <u>Batson</u> claim and other alleged errors during jury selection (D.E. 203-3 at 160).

Osamor next contends that counsel should have raised a <u>Batson</u> claim.  In the text of his argument supporting this ground for relief, he also claims that counsel failed to strike certain biased jurors and erred in failing to object to certain jurors being stricken for cause. This Court has reviewed the entirety of the voir dire process and the specific names and numbers of jurors identified by Osamor. It finds no errors in the trial court's striking Jurors 8, 9 or 19. These jurors were validly dismissed for cause. One had a five-year old child who would be left unattended if the mother served, the other had a number of personal problems that she said would render her unable to concentrate or give the case her full attention, and the third told the Court he had already made up his mind about the case and would be unable to be unbiased in deciding it. Counsel objecting to the striking of these jurors for cause would not have changed the outcome. Neither deficiency nor prejudice has been shown.

Similarly, Osamor claims that counsel should have objected to the striking of Juror Nos. 20 and 38 on <u>Batson</u> grounds. <u>Batson</u> prohibits the use of peremptory challenges to strike jurors based on race. These two jurors, however, were validly stricken for cause. Osamor has not shown that the prosecuting AUSA utilized his peremptory challenges to strike other jurors based on their race and has not even identified any jurors that he believes were stricken using *peremptory strikes* based on their race.[4] Moreover, as it turns out, Juror

---

[4]  In his motion, Osamor contends that Juror Nos. 20 and 38 were African-American, but, as noted, these two jurors were properly struck for cause.  Osamor does not identify any other African-American jurors that he contends were struck by the United States through the use of

No. 38 would not have been on the jury even had he not been stricken, since Juror No. 35 was the final juror to be utilized as an alternate. Thus, no prejudice has been shown as to those jurors.

Osamor's claim that counsel was deficient for failing to use peremptory strikes to strike certain "biased" jurors also fails. For example, counsel initially moved to strike for cause Juror No. 2, arguing that he had expressed bias. Juror No. 2 expressed that he was "hard on criminals" with regard to sentencing. He also told the Court, however, that his wife was a criminal defense attorney and that he could be unbiased in determining whether a defendant was guilty or not.  Judge Rosenthal determined that striking that juror for cause was unwarranted in light of his expressions that he could remain unbiased and his clarifying comments that he would be "hard on a criminal" *after* that person is found guilty, with regard to punishment.

In any event, a showing of deficiency is difficult for Osamor to make. First, it is not clear that Juror No. 2 was in fact biased against him. In Virgil v. Dretke, 446 F.3d 598, 604-05 (5th Cir. 2006), for example, three jurors were asked whether "a witness who has a prior criminal case, if you are on the jury, is . . . worthy of belief," all responded "no." 446 F.3d at 608. The Court held that the response "hardly suggests a showing of bias" and that such a response was "insufficient to raise any obligation on the part of counsel to respond with a peremptory or for-cause challenge." Id. at 609.

_____

peremptory strikes.

The Court notes, moreover, that when determining whether a tactical decision by counsel was deficient, the Fifth Circuit has repeatedly admonished that attorneys should not be subjected to unrealistic standards. When reviewing a § 2255 motion, "the acuity of hindsight is not [the] proper lens." United States v. Faubion, 19 F.3d 226 (5th Cir. 1994). Indeed, as the Fifth Circuit has explained:

> Judicial scrutiny of counsel's performance must be highly deferential, and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time. . . . There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

United States v. Harris, 408 F.3d 186, 189 (5th Cir. 2005) (internal citations and quotations omitted). In this case, the deference due counsel's performance precludes relief for Osamor. As discussed herein, he has wholly failed to overcome the "strong presumption" that his counsel's performance on this issue was reasonable.

Most importantly, even assuming that counsel was somehow deficient for failing to strike certain jurors for alleged bias, Osamor has not met his burden to establish prejudice. The evidence against Osamor was significant. It included a number of eyewitnesses, numerous documents implicating him, his fingerprints on different account applications used to open accounts into which stolen funds were deposited, and instruments of fraud recovered from his home (such as the false notary stamp for a "Mary O'Brien," which was used on numerous documents to set up fraudulent accounts). Given the substantial evidence against Osamor, there is not a "reasonable probability" that, had counsel struck Juror No. 2 and

16

another juror been in his place, the outcome of the trial would have been different. Osamor provides no information at all regarding the possible other jurors. He simply cannot prove prejudice as to this claim.

For all of the foregoing reasons, the Court concludes that trial counsel was not constitutionally ineffective during voir dire. Accordingly, this claim fails.

### 4. Trial and appellate counsel's alleged failure to challenge the alleged "complete absence of counsel at a critical stage," custodial interrogation.

Osamor claims that his counsel was unavailable to him during custodial interrogation, taking handwriting exemplars and document review after he was arrested. He claims that he invoked his right to counsel before his post-arrest custodial interrogation on September 23, 2001.[5] He further claims that on April 2, 2002, he was taken to the United States Courthouse in Houston and was advised that agents of the Postal Inspector were there to see him. "Petitioner immediately . . . requested to contact his counsel and have him present." (Id. at p. 13). According to Osamor, counsel came and stated he could not be present, and according to Osamor, conveyed to him that he could cooperate with the taking of a handwriting exemplar and interrogation. Osamor claims he was again taken to the federal courthouse on April 4, 2002, but this time the postal inspector refused to contact his attorney. (Id.). Osamor claims he was asked to handle and inspect documents and also to provide handwriting

---

[5]   After his arrest and transportation to the United States Postal Inspector's Station in Houston on September 23, 2001, "petitioner stated he would not say or do anything until after he had an opportunity to consult with his attorney or have his attorney present." (D.E. 203-2 at p. 11).

exemplars. He claims that the fingerprint evidence obtained during these meetings and handwriting exemplars were used against him at trial.

Although Osamor also claims he was interrogated during each of these meetings, he does not state what he told the government or how it was used against him. Instead, he focuses on the handwriting exemplars and claims he should have had counsel while he was creating the handwriting samples.

In Gilbert v. California, 388 U.S. 263, 266-67 (1951), the Supreme Court established that handwriting exemplars are not testimonial and the taking of an exemplar does not constitute a critical stage of the proceedings for which the presence of counsel is required. See also United States v. Euge, 444 U.S. 707, 718 (1980) ("Compulsion of handwriting exemplars is neither a search or seizure subject to Fourth Amendment protections, nor testimonial evidence protected by the Fifth Amendment privilege against self-incrimination."); Martinez v. Quaterman, 270 Fed. App'x. 277, 292 (5th Cir., Mar. 17, 2008) (per curiam)(designated unpublished).

To the extent Osamor claims that his counsel's failure to 1) raise his claim of deprivation of counsel while giving handwriting exemplars, 2) urge the issue as part of the suppression motion at trial or 3) appeal the issue, constitutes ineffective assistance of counsel, his claim is unfounded. No constitutional violation occurred. See Gilbert, 388 U.S. at 266-67.

Osamor claims that during these three meetings with government agents, he was required to handle documents and his fingerprints found on documents were used against him

at trial. Osamor's fingerprints were identified at trial to prove he handled documents found in his home. Osamor does not indicate which documents he was allegedly forced to handle and whether they were the actual documents seized from his home or merely copies. Nor does he state whether they were the same documents identified at trial with his fingerprints. The fingerprint examiner noted that she found other, unidentified prints on some of the documents, that she could not state when the fingerprints had been made on the documents, and she did not know whether the documents she was provided came from the search of Osamor's home. Osamor has not shown that the evidence used against him at trial was created by the government as he alleged. Nor has he shown that counsel was ineffective with regard to that evidence. Furthermore, Osamor does not claim he told his trial counsel about the government's attempts to force him to incriminate himself by handling documents. Nevertheless, trial counsel cross-examined the fingerprint expert vigorously, including questions about planted fingerprints.

Although Osamor claimed to be interrogated while giving handwriting exemplars, his motion does not appear to make a separate claim of deprivation of counsel on that ground. Moreover, a review of the trial transcript does not reveal that the government obtained or used any testimonial statement against him. To the extent Osamor claims that he was interrogated after he was taken into custody despite his invocation of his right to counsel, the claim includes insufficient factual detail. Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d

19

285, 288 n. 3 (5th Cir.1989); see also United States v. Jones, 614 F.2d 80 (5th Cir. 1980) (failure of movant to state specific facts, "is insufficient to state a constitutional claim.").

### 5. Trial and appellate counsel's alleged failure to present Fourth Amendment claims. (D.E. 203-3 at 164).

Osamor claims that evidence against him was obtained in violation of the Fourth Amendment and that counsel should have sought to suppress the evidence. As an initial matter, he is incorrect that trial and appellate counsel failed to present Fourth Amendment claims. Indeed, a motion to suppress was filed and denied by the district court prior to trial. (D.E. 11, 27, 35, 44, 48). The issue was also briefed extensively on appeal, but the Fifth Circuit found it meritless. (D.E. 127 at 2 n.2 (finding that the district court did not commit reversible error and therefore affirming the district court's denial of Osamor's motion to suppress)). No deficiency or prejudice has been shown.

### 6. Counsel's alleged failure to seek the suppression of in-court identification testimony during trial. (D.E. 203-3 at 165).

Osamor further claims that his in-court identification was prejudicial and that counsel should have sought the suppression of the identification testimony. Osamor offers no support, however, for his allegation that the government failed to follow proper identification procedures. Additionally, the record discloses no support for that allegation. Osamor has therefore failed to show that the outcome of the proceeding would have been different had counsel raised the issue. Because he cannot show prejudice, this claim fails.

7. **Counsel's alleged failure to seek expert eyewitness identification testimony to establish the inherent unreliability of human perception and memory regarding the reliability of eyewitness identification. (D.E. 203-4 at 167).**

Although Osamor contends that counsel should have introduced expert testimony establishing the unreliability of eyewitness testimony, he has not shown either deficiency or prejudice. Claims of uncalled witnesses are "disfavored." United States v. Harris, 408 F.3d 186, 190 (5th Cir. 2005) (citing Buckley v. Collins, 904 F.2d 263, 266 (5th Cir. 1996)). This is because "the presentation of testimonial evidence is a matter of trial strategy and because allegations as to what a witness would have testified to are largely speculative." Schwander v. Blackburn, 750 F.2d 494 (5th Cir. 1985) (citing Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978) and Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984)). Those concerns are certainly implicated here, particularly in light of the fact that no affidavit from any supposed "experts" has been offered.

Additionally, Osamor cannot establish prejudice, primarily because he was not convicted solely on eyewitness testimony. Most of the eyewitnesses in this case, who identified Osamor from photographic arrays, were individuals who had repeated contacts with him and knew him under various alias names. These identifications and names corresponded with documentary and other forensic evidence in the case tying Osamor to fraudulent accounts. Even if some or all of the eyewitness identifications had been called into question, there would have been sufficient evidence of Osamor's involvement in the charged crimes to convict him. Because he cannot establish prejudice, this claim fails.

### 8. Counsel's alleged failure to protect Osamor's right of confrontation by not objecting to the admission into evidence of a judgment and conviction order in a related case, H-01-765.

Notably, Osamor raised on appeal a claim that his "right of confrontation" was violated by the introduction of a judgment in a related case. This claim was rejected on appeal by the Fifth Circuit. Although Osamor now couches his claim as an ineffective assistance of counsel claim, his claim nonetheless fails. Just as the Fifth Circuit found no error with the admission of that judgment, this Court finds no error in its admission. Even if counsel had challenged the introduction of the judgment on hearsay and confrontation clause grounds, the result of the proceeding would not have been different.

### 9. Counsel's alleged failure to seek and present testimony of expert witnesses. (D.E. 203-4 at 170).

Osamor's next claim is that his counsel failed to seek and present testimony from a handwriting expert and that counsel failed to timely contact a proposed handwriting expert until weeks before trial. Counsel did retain Ms. Roberta Hana, a handwriting expert who did not testify. Osamor also claims that counsel should have presented expert testimony in the field of handwriting, fingerprinting, and computer forensics. As noted by the United States, however, Osamor has not shown that such witnesses were available or what their likely testimony would have been, had they been called. Again, as noted previously, claims of uncalled witnesses are "disfavored." Harris, supra, 408 F.3d at 190. The Court notes again that no affidavits from any such "experts" have been offered. Accordingly, Osamor has failed to establish that counsel's performance was either deficient or prejudicial.

22

**10.    Counsel's alleged failure to investigate, act as requested, make adequate objections and subpoena witnesses. (D.E. 203-4 at 174).**

Again, Osamor's claim that his counsel did not make adequate objections and subpoena witnesses fails for the reasons set forth in the preceding section.

**11.    Appellate counsel's alleged failure to raise confrontation clause argument. (D.E. 203-4 at 185).**

This argument is essentially a repetition of the argument addressed in subsection 8 above. In fact, the argument was raised on appeal and rejected by the Fifth Circuit. For the same reasons set forth in that section, therefore, this claim fails.

**12.    Appellate counsel's alleged failure to comply with Osamor's specific requests or raise meritorious claims on appeal. (D.E. 203-4 at 186).**

As part of this claim, Osamor contends that appellate counsel was ineffective for failing to raise a number of claims that Osamor now asserts in his § 2255 motion. Osamor also claims that counsel was ineffective for failing to file a rebuttal brief on appeal and for failing to withdraw a brief counsel filed upon remand from the Supreme Court, which Osamor claims counsel filed without authorization from Osamor and after counsel no longer represented Osamor. (See D.E. 203 at 186). Although Osamor relies on Roe v. Flores-Ortega for support, that case is wholly inapplicable.

In Roe, the Supreme Court was faced with the alleged denial of an appeal altogether. In this case, by contrast, counsel perfected an appeal and filed a merits brief that included a number of arguments. Furthermore, the fact that counsel believed he was obligated to file a brief on remand did not result in the denial of any appeal for Osamor. Instead, Osamor

23

appears to claim that he wanted to raise other issues that counsel did not raise. This issue was remedied by the Fifth Circuit. Although the Fifth Circuit denied Osamor's motion to strike the supplemental brief filed by counsel upon remand from the Supreme Court, the Fifth Circuit ultimately allowed  appellate counsel to withdraw and also allowed Osamor to file his own pro se supplemental brief.

In short, this Court finds no error of a constitutional magnitude by counsel's failure to raise any claim, or by counsel's filing of an allegedly "unauthorized" brief. Moreover, during the challenged portion of the appeal, Osamor was successful on the limited issue for which the Supreme Court ordered remand. That is, the Fifth Circuit ultimately vacated and remanded to the district court and Osamor obtained a lesser sentence upon resentencing. Thus, Osamor has not shown any prejudice as a result of appellate counsel's alleged failures.

For the foregoing reasons, all of Osamor's ineffective assistance of counsel claims are DENIED.

## F.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Osamor has not yet filed a notice of appeal, the § 2255 Rules instruct that this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules (2013). Thus, the Court turns to whether Osamor is entitled to a COA.

A COA "may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Osamor's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El, 537 U.S. at 336.

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

25

debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Osamor's ineffective assistance of counsel claims on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Similarly, as to the claims that this Court has addressed on procedural grounds, the Court finds that Osamor cannot establish at least one of the <u>Slack</u> criteria. Specifically, jurists of reasons would not find debatable this Court's ruling that most of Osamor's claims are not properly before the Court either because they were raised and rejected on appeal or because they were not procedurally exhausted. Accordingly, Osamor is not entitled to a COA as to his claims.

## V. CONCLUSION

For the aforementioned reasons, Osamor's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 202, 203) is DENIED. All other pending motions filed by Osamor, including Osamor's renewed motion for summary judgment (D.E. 222) and his Citation to Supplemental Authorities and Request for Immediate Release From Incarceration (D.E. 225) are also DENIED. Finally, Osamor is DENIED a Certificate of Appealability.

ORDERED this 16th day of March, 2014.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE